IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 28, 2026

## KAILEIGH MARIE DUNN v. RUSSELL ALLEN DUNN, III

**Appeal from the General Sessions Court for Wilson County**
**No. 2024-DC-45     A. Ensley Hagan, Jr., Judge**

———————————————————

**No. M2026-00614-COA-T10B-CV**

———————————————————

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B § 2.02 from the trial court's denial of a motion for recusal. Having reviewed the petition for recusal on appeal, we affirm the trial court's decision to deny the motion for recusal.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal;**
**Judgment of the General Sessions Court Affirmed**

FRANK G. CLEMENT, JR., C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, P.J., E.S., joined.

Russell Allen Dunn, III, Lebanon, Tennessee, pro se.

Amanda Crowell, Lebanon, Tennessee, for the appellee, Kaileigh Marie Dunn.

### OPINION

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. *See Elseroad v. Cook*, 553 S.W.3d 460, 467 (Tenn. Ct. App. 2018). Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. *See* Tenn. Sup. Ct. R. 10B, § 2.02. "To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed . . . within twenty-one days of the trial court's entry of the order." *Id*.

Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo" means "anew, afresh, a second time." *Austermiller v. Austermiller*, No. M2022-01611-COA-T10B-CV, 2022 WL 17409921, at *1 (Tenn. Ct. App. Dec. 5, 2022)

(citing *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary*, 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tennessee Supreme Court Rule 10B section 2.06 also grants this court the discretion to decide the appeal without oral argument. Following a review of the petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B sections 2.05 and 2.06.

**I.**

Rule 10B specifies how a motion for recusal is to be presented to the trial court:

Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion. The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Tenn. Sup. Ct. R. 10B, § 1.01.

We will not consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court. *See Malone v. Malone*, No. W2023-00843-COA-T10B-CV, 2023 WL 8457951, at *14 (Tenn. Ct. App. Dec. 6, 2023); *see also McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *6 n.3 (Tenn. Ct. App. Feb. 11, 2014). Stated another way, the allegations must first be presented to the trial judge in a motion for recusal. *See id.*

"The party seeking recusal bears the burden of proof." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Williams ex rel. Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015); *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015)). Specifically, "[a] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the

judge's impartiality might reasonably be questioned.'" *Id.* (quoting *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)).

"A motion to recuse should be granted when judges have any doubt about their ability to preside impartially in a case or when 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 548 (Tenn. Ct. App. 2017) (quoting *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001)).

The motion for recusal filed by Russell Allen Dunn, III (hereinafter "Petitioner") lists the following grounds for recusal:

1. Kaileigh Marie Dunn (hereinafter "Respondent") serves as a member of the Board of Directors for the Lebanon Noon Rotary Club.

2. The presiding Judge Ensley Hagan is an active member of the same Lebanon Noon Rotary Club.

3. On or about June 2025, Respondent explicitly stated to Petitioner: "The Judge and I see each other every Tuesday at Noon Rotary, you will never win in Family Court because the Judge will always take my side."

4. These facts create a significant appearance of impropriety such that the Court's impartiality might reasonably be questioned by a person knowing all the facts.

Petitioner's motion is supported by an affidavit that is consistent with the allegations in his motion for recusal.

In the order denying the motion for recusal, Judge Hagan states, in pertinent part:

1. In support of his request for recusal, [Petitioner] relies solely on the fact that Judge Ensley Hagan is a member of the Lebanon Noon Rotary Club, where [Respondent] [serves] on the Board of Directors; and an alleged statement made by [Respondent] claiming she would receive favoritism from the Court, which allegation is adamantly denied by [Respondent].

2. The standard of recusal is the appearance of impropriety, whenever a judge's impartiality might reasonably be questioned, even if the judge believes they can remain fair.

3. In this instance, the Court does not find that the mere fact that the Court is

a member of the same local chapter of Rotary International where [Respondent] serves on the Board of Directors, creates any appearance of impropriety where the Court's impartiality could be reasonably questioned.

4. The Court is not able to regularly attend the Lebanon Noon Rotary Club meetings; and there is no degree of relationship with [Respondent], other than an acquaintance.

5. Further, this is a post-divorce action; and no issue of bias or recusal was raised by either party during the pendency of the divorce, at which time multiple hearings were conducted.

6. [Petitioner's] Motion states no legal basis upon which recusal or disqualification is required or warranted; and the Court can and will remain unbiased and objective for the duration of the case.

7. The undersigned finds that a person of ordinary prudence would find no reasonable basis for questioning the Judge's impartiality.

For the foregoing reasons, Judge Hagan denied the motion to recuse. This Petition for Recusal Appeal followed.

## II.

To evaluate whether there is a reasonable basis for the perception of impartiality, Rule of Judicial Conduct 2.11 incorporates the objective standard Tennessee judges have long used to evaluate recusal motions. *See Cook v. State*, 606 S.W.3d 247, 255 (Tenn. 2020). Under this objective test, recusal is required if "'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Id*.; *see also* Tenn. S. Ct. R. 10, RJC 2.11 ("A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned including . . . [t]he judge has a personal bias or prejudice concerning a party. . . .").

Petitioner's grounds for recusal in his motion are based on the fact that Respondent is on the Board of Directors for the Lebanon Noon Rotary Club, and Judge Hagan is a member of the same club and that Respondent allegedly told Petitioner, in June 2025, that he would "never win in Family Court" because she and Judge Hagan saw each other at the Rotary Club. Thus, Petitioner relies on a purported "appearance of impropriety" due to the shared membership in the Rotary Club and Respondent's alleged statement of favoritism.

As Judge Hagan correctly states, "the mere fact that the Court is a member of the same local chapter of Rotary International where [Respondent] serves on the Board of

Directors," does not objectively create "an appearance of impropriety where the Court's impartiality could be reasonably questioned." Indeed, a judge being an acquaintance, or even a friend of a party, does not alone mandate recusal. *See Camp v. Camp*, 361 S.W.3d 539, 548 (Tenn. Ct. App. 2011) ("[J]udges in rural areas sometimes know the parties who appear before the court, and may even share a friendship with them, but this fact alone does not mandate recusal."). Accordingly, the mere fact that Judge Hagan and Respondent are both members of the same Rotary club fails to establish a reasonable basis for questioning Judge Hagan's impartiality.

As for Respondent's alleged statement of favoritism, the statement, if made by the Respondent, only reflects the opinion or hope of the Respondent that Judge Hagan would favor her in any ruling. Further, the alleged statement may merely be a ploy to annoy Petitioner or to intimidate him into a favorable settlement. Nevertheless, the statement, without more, fails to show that Judge Hagan held any favoritism for Respondent or bias against Petitioner. Thus, the alleged statement by Respondent does not objectively create "an appearance of impropriety where the Court's impartiality could be reasonably questioned." *See Boren v. Hill Boren, PC*, 557 S.W.3d at 548; *see also Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d at 564.

Judge Hagan also found that the motion for recusal was untimely. "Any party seeking disqualification . . . shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal" . . . "unless there is good cause for the delay." Tenn. S. Ct. R. 10B, Section 1.01. Here, Petitioner asserts that Respondent told him in June 2025 that he would "never win in Family Court" because she and Judge Hagan saw each other at the Rotary Club, yet Petitioner did not file his recusal petition until ten months later, in April 2026. Thus, Petitioner did not file a written motion promptly after he learned of the facts he claims to establish the basis for recusal, and he has failed to show good cause for the delay. *See id*. Thus, the motion was not timely filed.

For the foregoing reasons, we affirm the judgment of the trial court in denying the recusal motion.[1]

---

[1] Petitioner also presents claims and arguments in his Petition for Recusal Appeal that were not raised in his motion for recusal in the trial court. As noted above, we will not consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court. *See Malone v. Malone*, 2023 WL 8457951, at *14; *see also McKenzie v. McKenzie*, 2014 WL 575908, at *6 n.3. Thus, these additional claims and arguments are not discussed in this opinion.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Petitioner, Russell Allen Dunn, III.

_____
FRANK G. CLEMENT, JR., C.J.